IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| SOURCEPROSE CORPORATION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 2-04CV-265 |
| | § | |
| THE FIRST AMERICAN CORPORATION; | § | |
| FIRST AMERICAN FLOOD DATA | § | |
| SERVICES, INC.; FIRST AMERICAN | § | |
| REAL ESTATE SOLUTIONS OF TEXAS, | § | |
| L.P.; FIRST AMERICAN REAL ESTATE | § | |
| SOLUTIONS, L.P.; FIRST AMERICAN | § | |
| REAL ESTATE INFORMATION | § | |
| SERVICES, INC.; FIRST AMERICAN | § | JURY DEMANDED |
| FLOOD HAZARD CERTIFICATION, | § | |
| L.L.C. f/k/a TRANSAMERICA FLOOD | § | |
| HAZARD CERTIFICATION, INC.; | § | |
| FIDELITY NATIONAL FINANCIAL, INC.; | § | |
| FIDELITY NATIONAL INFORMATION | § | |
| SERVICES; FIDELITY NATIONAL | § | |
| FLOOD SERVICES, INC.; LENDERS | § | |
| SERVICES INC. d/b/a LSI or d/b/a LSI | § | |
| FLOOD SERVICES; FIDELITY | § | |
| INFORMATION SERVICES; | § | |
| LANDAMERICA FINANCIAL GROUP, | § | |
| INC.; LERETA CORP; LANDAMERICA | § | |
| LERETA; and GEO TRAC, INC., | § | |
| | § | |
| Defendants. | § | |

# FIDELITY NATIONAL FINANCIAL, INC., FIDELITY NATIONAL INFORMATION SERVICES, INC., FNIS FLOOD SERVICES, L.P. D/B/A LSI FLOOD SERVICES, FIDELITY INFORMATION SERVICES, AND GEO TRAC, INC.'S ANSWER AND COUNTER-CLAIM TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Fidelity National Financial, Inc., Fidelity National Information Services, Inc., FNIS

Flood Services, L.P. d/b/a LSI Flood Services, Fidelity Information Services, and Geo Trac, Inc.

(collectively "Defendants"), hereby file their Answer to Plaintiff's First Amended Complaint (the "Complaint") and, in support thereof, state as follows:

## I. THE PARTIES

1.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 1 of the Complaint and, therefore, deny same.

2.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 2 of the Complaint and, therefore, deny same.

3.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 3 of the Complaint and, therefore, deny same.

4.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 4 of the Complaint and, therefore, deny same.

5.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 5 of the Complaint and, therefore, deny same.

6.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 6 of the Complaint and, therefore, deny same.

7.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 7 of the Complaint and, therefore, deny same.

8.      Defendants admit that Fidelity National Financial, Inc. is a Delaware corporation doing business in the State of Texas.  Defendants deny the remaining averments set forth in paragraph 8 of the Complaint.

9.      Defendants admit that Fidelity National Information Services, Inc. is a Delaware corporation.  Defendants deny the remaining averments set forth in paragraph 9 of the Complaint.

10.     Defendants deny the averments set forth in paragraph 10 of the Complaint. Defendants admit that Fidelity National Flood Services, Inc. was converted into a Delaware limited partnership named FNIS Flood Services, L.P. d/b/a LSI Flood Services having a corporate headquarters at 1521 North Cooper Street, Arlington, Texas 76011.

11.     Defendants deny the averments set forth in paragraph 11 of the Complaint. Lenders Services, Inc. d/b/a LSI or d/b/a LSI Flood Services no longer exists as a corporate entity.

12.     Defendants admit the averments set forth in paragraph 12 of the Complaint.

13.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 13 of the Complaint and, therefore, deny same.

14.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 14 of the Complaint and, therefore, deny same.

15.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 15 of the Complaint and, therefore, deny same.

16.     Defendants admit the averments set forth in paragraph 16 of the Complaint.

## II. JURISDICTION AND VENUE

17.     Defendants admit that the Complaint purports to arise under the provisions of the Patent Laws of the United States of America, Title 35 of the United States Code and that the federal district courts have original jurisdiction over patent actions pursuant to 28 §1338. Defendants deny the remaining averments set forth in paragraph 17 of the Complaint.

18.     Defendants admit that they are subject to the personal jurisdiction of this Court. Insofar as the remaining averments of paragraph 18 are directed toward the Defendants, they are denied.  Defendants are without knowledge or information sufficient to form a belief as to the

truth of the averments in paragraph 18 of the Complaint as they related to the other defendants, and, therefore, deny same.

19.     Defendants admit that venue is proper in this Court under 28 U.S.C. §§1391(b) and (c), as well as 28 U.S.C. §1400(b) with respect to them.  Insofar as the remaining averments of paragraph 19 are directed toward the Defendants, they are denied.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 19 of the Complaint as they related to the other defendants, and, therefore, deny same.

### III.  PATENT INFRINGEMENT

20.     Defendants admit that U.S. Patent No. 6,631,326 B1 ("the '326 patent"), entitled "System and Method for Performing Flood Zone Certifications" issued on October 7, 2003. Defendants further admit that, on the face of the '326 patent, SourceProse Corporation is identified as the Assignee.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 20 of the Complaint, and therefore, deny the same.

21.     Defendants admit that U.S. Patent No. 6,678,615 B2 ("the '615 patent"), entitled "System and Method for Performing Flood Zone Certifications" issued on January 13, 2004. Defendants further admit that, on the face of the '615 patent, SourceProse Corporation is identified as the Assignee.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 21 of the Complaint, and therefore, deny the same.

22.     Defendants deny the averments set forth in paragraph 22 of the Complaint.

23.     Defendants deny the averment set forth in paragraph 23 of the Complaint.

24.     Defendants deny the averment set forth in paragraph 24 of the Complaint.

25.     Defendants deny the averment set forth in paragraph 25 of the Complaint.

26.     Defendants deny each and every averments of the Complaint not expressly admitted herein.

## IV.  AFFIRMATIVE DEFENSES

### FIRST DEFENSE

27.     The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

28.     Defendants do not infringe any claim of the '326 patent.

29.     Defendants do not infringe any claim of the '615 patent.

### THIRD DEFENSE

30.     The claims of the '326 patent are invalid under the provisions of 35 U.S.C. §101 *et seq.*

31.     The claims of the '615 patent are invalid under the provisions of 35 U.S.C. §101 *et seq.*

### FOURTH DEFENSE

32.     The claims of the '326 patent are invalid under the provisions of 35 U.S.C. §102 *et seq.* including, but not limited to, one or more of the defenses identified in the following paragraphs.

33.     On information and belief, the '326 patent is invalid for anticipation as the invention claimed in the '326 patent was known, used, patented or described in a printed publication in the United States before invention thereof by the applicants of the '326 patent or for anticipation as the invention claimed in the '326 patent was patented or described in a printed publication in the United States or a foreign country or in public use or on sale in this country more than one year prior to the date of the application leading to the '326 patent.

34.     On information and belief, the '326 patent is invalid in that before the invention of the invention claimed in the '326 patent by the alleged inventors, the invention claimed in the '326 patent was made in this country by another inventor who had not abandoned, suppressed, or concealed it and who acted with reasonable diligence to reduce such invention to practice.

35.     On information and belief, the '326 patent is invalid in that the applicants abandoned the invention prior to the filing of the application leading to the '326 patent.

36.     On information and belief, the '326 patent is invalid for anticipation as the invention claimed in the '326 patent was patented or caused to be patented, or was the subject of an inventor's certificate, by the applicant or his assigns in a foreign country prior to the date of the application for patent in the United States on an application for patent or inventor's certificate filed more than twelve months before the filing of the application in the United States.

37.     On information and belief, the '326 patent is invalid for anticipation in that the invention was described in (1) an application for patent, published under 35 U.S.C. §122(b), by another filed in the United States before the invention by the applicant for patent or (2) a patent granted on an application for patent by another filed in the United States before the invention by the applicant for patent, where an international application filed under the treaty defined in 35 U.S.C. §351(a) designated the United States and was published under Article 21(2) of such treaty in the English language.

38.     The claims of the '615 patent are invalid under the provisions of 35 U.S.C. §102 *et seq.* including, but not limited to, one or more of the defenses identified in the following paragraphs.

39.     On information and belief, the '615 patent is invalid for anticipation as the invention claimed in the '615 patent was known, used, patented or described in a printed

6

publication in the United States before invention thereof by the applicants of the '615 patent or for anticipation as the invention claimed in the '615 patent was patented or described in a printed publication in the United States or a foreign country or in public use or on sale in this country more than one year prior to the date of the application leading to the '615 patent.

40.     On information and belief, the '615 patent is invalid in that before the invention of the invention claimed in the '615 patent by the alleged inventors, the invention claimed in the '615 patent was made in this country by another inventor who had not abandoned, suppressed, or concealed it and who acted with reasonable diligence to reduce such invention to practice.

41.     On information and belief, the '615 patent is invalid in that the applicants abandoned the invention prior to the filing of the application leading to the '615 patent.

42.     On information and belief, the '615 patent is invalid for anticipation as the invention claimed in the '615 patent was patented or caused to be patented, or was the subject of an inventor's certificate, by the applicant or his assigns in a foreign country prior to the date of the application for patent in the United States on an application for patent or inventor's certificate filed more than twelve months before the filing of the application in the United States.

43.     On information and belief, the '615 patent is invalid for anticipation in that the invention was described in (1) an application for patent, published under 35 U.S.C. §122(b), by another filed in the United States before the invention by the applicant for patent or (2) a patent granted on an application for patent by another filed in the United States before the invention by the applicant for patent, where an international application filed under the treaty defined in 35 U.S.C. §351(a) designated the United States and was published under Article 21(2) of such treaty in the English language.

**FIFTH DEFENSE**

44.     The claims of the '326 patent are invalid under the provisions of 35 U.S.C. §103 *et seq.* including, but not limited to, one or more of the defenses identified in the following paragraphs.

45.     On information and belief, the '326 patent is invalid for obviousness in that the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time of the invention was made to a person of ordinary skill in the art to which the subject matter of the invention pertains.

46.     The claims of the '615 patent are invalid under the provisions of 35 U.S.C. §103 *et seq.* including, but not limited to, one or more of the defenses identified in the following paragraphs.

47.     On information and belief, the '615 patent is invalid for obviousness in that the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time of the invention was made to a person of ordinary skill in the art to which the subject matter of the invention pertains.

**SIXTH DEFENSE**

48.     The claims of the '326 patent are invalid under the provisions of 35 U.S.C. §112 including, but not limited to, one or more of the defenses identified herein.  On information and belief, the '326 patent is invalid for failure to set forth the best mode contemplated by the inventors of carrying out the invention and for lack of enablement in that the written description of the invention, and manner and process of making and using the invention, is not set forth in full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains to make and use the invention.

49.     The claims of the '615 patent are invalid under the provisions of 35 U.S.C. §112 including, but not limited to, one or more of the defenses identified herein.  On information and belief, the '615 patent is invalid for failure to set forth the best mode contemplated by the inventors of carrying out the invention and for lack of enablement in that the written description of the invention, and manner and process of making and using the invention, is not set forth in full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains to make and use the invention.

### SEVENTH DEFENSE

50.     The '326 and '615 patents are unenforceable by the doctrine of inequitable conduct before the United States Patent and Trademark Office.  On information and belief the applicants of the '326 patent and the '615 patent are not the inventors of the claimed inventions and that the claimed inventions of the '326 patent and the '615 patent were invented by others at the prior employers of the applicants and that the claimed inventions of the '326 patent and the '615 patent were well known to those skilled in the art prior to the alleged invention thereof by the applicants of the '326 patent and the '615 patent.

### EIGHTH DEFENSE

51.     The claims of the Complaint are barred by the doctrine of patent misuse.

### V.  COUNTER-CLAIMS

### PARTIES

1.     Counter-Plaintiff Fidelity National Financial, Inc., is a Delaware corporation doing business in the State of Texas with its corporate headquarters at 601 Riverside Ave., Jacksonville, Florida 32204.

2.     Counter-Plaintiff Fidelity National Information Services, Inc. is a Delaware corporation with its corporate headquarters at 601 Riverside Ave., Jacksonville, Florida 32204

9

3.      Counter-Plaintiff FNIS Flood Services, L.P. d/b/a LSI Flood Services is a Delaware corporation doing business in the State of Texas with its corporate headquarters at 1521 North Cooper Street, Arlington, Texas 76011.

4.      Counter-Plaintiff Fidelity Information Services, is an Arkansas corporation doing business in the State of Texas.

5.      Counter-Plaintiff Geo Trac, Inc. is a Delaware corporation doing business in the State of Texas.

6.      On information and belief, Counter-Defendant SourceProse Corporation is a Texas Corporation doing business in the State of Texas.

7.      This is an action arising under 35 U.S.C. §§ 271, 281, 283, 284, 285 and 291.

8.      This Court has jurisdiction of this Action pursuant to 28 U.S.C. §1338(a) and 2201.

9.      This Court has personal jurisdiction over Counter-Defendant SourceProse Corporation.

## FIRST COUNTERCLAIM FOR RELIEF

10.     All of the preceding allegations of this Answer and Counterclaim are hereby incorporated into the First Counterclaim for Relief.

11.     This is a claim by Counter-Plaintiffs against Counter-Defendant seeking a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 that the '326 and '615 patents (the "patents-in-suit") are invalid and/or not infringed and/or unenforceable.

12.     Counter-Plaintiffs market, sell and/or provide flood zone certifications and related services in the United States.

13.     Counter-Defendant has threatened the Counter-Plaintiffs with infringement litigation asserting the patents-in-suit, and has in fact filed this litigation, asserting that the Counter-Plaintiffs infringe the patents-in-suit.

14.     Since the filing of this action, and continuing to this time, an actual and justiciable controversy has existed between the Counter-Plaintiffs, on the one hand, and Counter-Defendant on the other, with regard to the validity, enforceability, and infringement of the patents-in-suit.

15.     The patents-in-suit are invalid for failure to comply with the provisions of Title 35 of the United States Code and the regulations promulgated thereunder.  Without limiting the generality of the foregoing, the patents-in-suit are invalid for failure to comply with the provisions of 35 U.S.C. §§ 102 and 103.

16.     The Counter-Plaintiffs' products and services do not infringe any valid and enforceable claim of the patents-in-suit, either directly or under the doctrine of equivalents.

WHEREFORE, Counter-Plaintiffs pray for judgment as set forth hereunder.

## PRAYER FOR RELIEF OF THE COUNTERCLAIM

WHEREFORE Counter-Plaintiffs pray for judgment against Counter-Defendant as follows:

A.     For judgment dismissing the Complaint with prejudice;

B.     For judgment declaring that the claims of the patents-in-suit are invalid and/or not infringed and/or unenforceable;

C.     For a declaration that this is an exceptional case, and an award to the Counter-Plaintiffs of their costs and attorneys' fees incurred herein;

D.     An award of the costs of this action; and

E.   That Counter-Plaintiffs be awarded such other and further relief as the Court may

seem just and proper in the premises.

Date: _Oct. 14_, 2004

                                        Respectfully submitted,


                                        _____
                                        Mark Calhoun
                                        Texas Bar No. 03641500
                                        Sanford E. Warren, Jr.
                                        Texas Bar No. 20888690
                                        Diane K. Lettelleir
                                        Texas Bar No. 12241525
                                        Daniel F. Perez
                                        Texas Bar No. 15776380
                                        R. Scott Rhoades
                                        Texas Bar No. 90001757
                                        WINSTEAD SECHREST & MINICK P.C.
                                        5400 Renaissance Tower
                                        1201 Elm Street
                                        Dallas, Texas 75270-2199
                                        (214) 745-5400
                                        (214) 745-5390 Facsimile

                                        ATTORNEYS FOR DEFENDANTS
                                        FIDELITY NATIONAL FINANCIAL,
                                        INC., FIDELITY NATIONAL
                                        INFORMATION SERVICES, INC., FNIS
                                        FLOOD SERVICES, L.P. d/b/a LSI
                                        FLOOD SERVICES, FIDELITY
                                        INFORMATION SERVICES, AND GEO
                                        TRAC, INC.

# CERTIFICATE OF SERVICE

I hereby certify that on this 14 day of October 2004, a true and correct copy of the foregoing FIDELITY NATIONAL FINANCIAL, INC., FIDELITY NATIONAL INFORMATION SERVICES, FNIS FLOOD SERVICES, L.P. D/B/A LSI FLOOD SERVICES, FIDELITY INFORMATION SERVICES, AND GEO TRAC, INC.'S ANSWER AND COUNTER-CLAIM TO PLAINTIFF'S FIRST AMENDED COMPLAINT was sent by U.S. Mail to the following counsel of record:

Cameron M. Spradling
1503 NW 38th Street
Oklahoma City, OK 73118

Dallas_1\4046202\1
43291-2 10/14/2004