IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| SOURCEPROSE CORPORATION | § | |
| Vs. | § | CIVIL ACTION NO. 2:04-CV-265 |
| FIDELITY NATIONAL FINANCIAL, ET AL. | § | |

**MEMORANDUM OPINION AND ORDER**

**1.    Introduction.**

At issue is the plaintiff's motion to disqualify the law firm of Akin, Gump, Strauss, Hauer & Feld, L.L.P. ("Akin Gump") as attorneys for defendants. The court has considered the motion and response, together with the supporting proof, and is persuaded that the following order should issue.

**2.    Factual Background and Procedural Posture.**

On or about February 18, 2004, the plaintiff, SourceProse Corporation ("SourceProse"), through its CEO, Rusty Kennard, met with attorneys Michael Shore ("Shore") and Alfonso Chan ("Chan"). At that time, Shore and Chan were partners in the Shore Deary law firm. The purpose of the meeting was to explore an attorney client relationship for purposes of enforcing the SourceProse patents at issue in this case. The documents submitted *in camera* by the plaintiff corroborate this fact. *See* Exhibit 1. During the course of discussions with Shore and Chan, plaintiff assembled and submitted to Shore Deary certain confidential information concerning the SourceProse patents. The documents submitted *in camera* by the plaintiff corroborate this fact as well. *See* Exhibit 2. Exhibit 2 includes confidential information about the Fidelity defendants

involved in the present dispute. The evidence also reflects that Shore Deary transmitted a proposed attorney retainer agreement to SourceProse in connection with these discussions.

On June 24, 2004, Shore and Chan joined Akin Gump as partners. The record contains some evidence that Chan continued to communicate with SourceProse while he was with Akin Gump in an attempt to persuade SourceProse to hire Chan and Shore to enforce the SourceProse patents. Exhibit 4 corroborates this fact. Eventually, SourceProse decided not to hire Akin Gump to enforce the patents and secured representation from other counsel, including its attorneys in this case.

In July 2004, SourceProse filed this case against the Fidelity defendants and others. Lawyers associated with the firm of Winstead, Sechrest & Minick, P.C. ("Winstead") answered the lawsuit on behalf of the Fidelity defendants and have represented the Fidelity defendants throughout this case. After staying with Akin Gump for approximately a year, Shore and Chan eventually left the firm in May 2005.

During the week of February 20, 2006, several attorneys from the Winstead firm, including some who were representing the Fidelity defendants in this case, left the Winstead firm and joined Akin Gump. These attorneys notified the court of a change in their firm association and entered an appearance for the Fidelity defendants on or about Monday February 27, 2006, on the eve of the deposition of William Foley. Unaware of the attorneys' change in firms until the day of Mr. Foley's deposition, SourceProse instituted a telephonic hearing to address the matter before proceeding with the deposition. The court refrained from making a decision on the question given the lack of an adequate record and briefing. This motion followed.

3. **Legal Standards.**

The party seeking disqualification bears the burden of proving that disqualification is

warranted. *Abney v. Wal-Mart*, 984 F. Supp. 526, 528 (E.D. Tex. 1997). In evaluating a disqualification motion, federal courts do not follow any specific set of ethical rules. They apply federal common law, taking into account both local and national norms of behavior. *Ayus v. Total Renal Care, Inc.*, 48 F. Supp. 2d 714, 716-17 (S.D. Tex. 1999). In federal court, the Texas Disciplinary Rules of Professional Conduct are relevant, but they are not dispositive. *In re Dresser*, 972 F.2d 540, 543 (5th Cir. 1992).

SourceProse argues that disqualification is required under the Texas Disciplinary Rules of Professional Conduct. Specifically, SourceProse points to Rule 1.09 in support of its motion to disqualify.[1] Rule 1.09 provides:

(a) Without prior consent, a lawyer who personally has formerly represented a client in a matter shall not thereafter represent another person in a matter adverse to the former client:

(1) in which such other person questions the validity of the lawyer's services or work product for the former client; or

(2) if the representation in reasonable probability will involve a violation of Rule 1.05 [prohibiting use or disclose of confidential information].

(3) if it is the same or substantially related matter.

(b) Except to the extent authorized by Rule 1.10, when lawyers are or have become members of or associated with a firm, none of them shall knowingly represent a client if any one of them practicing alone would be prohibited from doing so by paragraph (a).

(c) When the association of a lawyer with a firm has terminated, the lawyers who were then associated with that lawyer shall not knowingly represent a client if the lawyer whose association with that firm has terminated would be prohibited from doing so by paragraph (a)(1) or if the

---

[1] Although the plaintiff raises Rule 1.06, the court agrees with the Fidelity Defendants that disqualification is not required under that rule. Rule 1.06(a) prohibits a lawyer from representing opposing parties to the same litigation. Akin Gump is not representing both sides in this litigation. *See Smirl v. Bridewell*, 932 S.W.2d 743 (Tex. App.–Waco 1996, no writ). Accordingly, the court will focus on the more difficult question whether disqualification is required under the other principles cited by SourceProse.

representation in reasonable probability will involve a violation of Rule 1.05.

>TEX. GOV'T CODE ANN., Title 2, Subtitle G, App. A, Art. 10, § 9 at Rule 1.09.

Relying on Rule 1.09, the plaintiff argues that, while Shore and Chan were partners at Akin Gump, they represented SourceProse in this (i.e. the same) matter within the meaning of Rule 1.09. According to SourceProse, Shore and Chan's prior membership in the Akin Gump firm creates a conflict of interest which prohibits Akin Gump from representing the Fidelity defendants in this case. Because Shore and Chan knew plaintiff's privileged and confidential information while they were partners at Akin Gump, the plaintiff asserts that the court should conclusively presume that Shore and Chan disclosed confidential information to the other Akin Gump partners during their tenure there. As a result, SourceProse argues that Akin Gump is disqualified from representing the Fidelity defendants in this case.

In response, the Fidelity defendants first question whether an attorney-client relationship existed between Shore and Chan and SourceProse or Akin Gump and SourceProse. Assuming such a relationship existed, the Fidelity defendants challenge whether an irrebuttable presumption should apply under the facts of this case. The Fidelity defendants observe that Shore and Chan left Akin Gump in May 2005. As a consequence, the Fidelity defendants argue that even if Akin Gump was imputed with knowledge of SourceProse's confidential information during the time Shore and Chan were partners, it would be unfair to maintain an irrebuttable presumption once Shore and Chan left the firm so as to re-impute knowledge of SourceProse's confidential information to the new Akin Gump attorneys. According to the Fidelity defendants, absent proof that Shore and Chan actually disclosed SourceProse's confidential or privileged information to other members of Akin Gump during their partnership, disqualification should not be required. In other words, even assuming that

4

Shore and Chan represented SourceProse for purposes of the disqualification issue, the court should not conclusively presume that Shore and Chan actually disclosed information about SourceProse to the other attorneys at Akin Gump.

Although the issue is not free from doubt, the text of Rule 1.09 and its comments tend to support the Fidelity defendants' position that an irrebuttable presumption should not apply under the facts of this case. Rule 1.09(c) provides when the association of a lawyer with a firm has terminated, the lawyers who were then associated with that lawyer shall not knowingly represent a client if the representation in reasonable probability will involve an improper disclosure or use of confidential information in violation of Rule 1.05. Comment 7 provides that if "a lawyer disqualified by paragraph (a) should leave a firm, paragraph (c) prohibits lawyers remaining in that firm from undertaking a representation that would be forbidden to the departed lawyer *only if* that representation would violate subparagraphs (a)(1) or (a)(2)." (emphasis added).

At least one case from the Fifth Circuit also supports the Fidelity defendants' position. According to the court, "new partners of a vicariously disqualified partner, to whom knowledge has been imputed during a former partnership, are not necessarily disqualified: they need show only that the vicariously disqualified partner's knowledge was imputed, not actual." *Am. Can Co. v. Citrus Feed Co.*, 436 F.2d 1125, 1129 (5th Cir. 1971).

> The Restatement (Third) of Law Governing Lawyers provides a similar approach:
>
> Imputation specified in § 123 does not restrict an affiliated lawyer when the affiliation between the affiliated lawyer and the personally prohibited lawyer that required the imputation has been terminated, and no material confidential information of the client, relevant to the matter, has been communicated by the personally-prohibited lawyer to the affiliated lawyer or that lawyer's firm.

RSTMT (THIRD) OF LAW GOVERNING LAWYERS § 124(1).

Under these authorities, the court holds that if Shore and Chan had an attorney-client relationship with SourceProse, Akin Gump may avoid disqualification if the firm establishes that Shore and Chan did not actually disclose confidential or privileged information to the other members of Akin Gump. The court now turns to an evaluation of the evidence in this case.

**4.    Application.**

The first question is whether an attorney-client relationship existed between Shore and Chan and SourceProse. Based on the records submitted in connection with the motion to disqualify, the court holds that Shore and Chan represented SourceProse in this case for purposes of evaluating the motion to disqualify. The evidence reflects that SourceProse disclosed confidential information to Shore and Chan with an eye toward hiring those attorneys to enforce the very patents asserted in this case. That SourceProse eventually hired other counsel is not dispositive. *See Nolan v. Foreman*, 665 F.2d 738, 739 n.3 (5th Cir. 1982)(attorney's fiduciary responsibilities may arise during preliminary consultations); *see also* Comment 1 to Rule 1.05 ("Both the fiduciary relationship existing between lawyer and client and the proper functioning of the legal system require the preservation by the lawyer of confidential information of one who has employed *or sought to employ* the lawyer")(emphasis added). Moreover, there is evidence that Shore and Chan, when they joined Akin Gump, provided the firm with a list of clients and prospective clients for purposes of clearing conflicts. That list included SourceProse. If Shore and Chan, the attorneys personally involved with SourceProse, believed it necessary to identify the client to their new firm for purposes of clearing conflicts, then that is some evidence that they believed an attorney-client relationship existed with respect to the communications at issue in the disqualification motion.

This conclusion is not the end of the inquiry. Akin Gump maintains that Shore and Chan

disclosed no confidential or privileged information of SourceProse to other members of Akin Gump while they were members of that firm. In particular, the Fidelity defendants have offered the Declaration of Kenneth Menges in opposition to the motion to disqualify. They have also offered declarations from the new Akin Gump attorneys, several of whom have been representing the Fidelity defendants throughout this case.

      Mr. Menges, the partner in charge of the Dallas office, states that in early March 2006, he was informed of the contention by SourceProse that Akin Gump was subject to disqualification in this case. Mr. Menges states that an Akin Gump Dallas associate, Marcus G. Mungioli, was directed to conduct a search and inquiry of Akin Gump's records and files. Mr. Mungioli reported to Menges that Akin Gump did not enter into a letter of engagement with SourceProse, no case file was opened for SourceProse in Akin Gump's case management system, no time appears to have been logged by any Akin Gump attorneys to a SourceProse matter, and no Akin Gump bill or invoice was ever sent to SourceProse.

      Moreover, Mr. Menges states that after conducting a comprehensive and reasonable search and inquiry of Akin Gump's records and its attorneys, Mr. Mungioli reported that, since the Shore Attorneys' departure and prior to Sanford Warren and Dan Perez arriving, Akin Gump did not have any records or information belonging to or related to SourceProse, and no Akin Gump attorneys who remained after the Shore Attorneys departed had acquired or obtained any knowledge of confidential or privileged information from the Shore Attorneys relating to SourceProse. Mr. Menges concludes by stating that in the event that any records or information of that kind subsequently appear, Akin Gump will effectively screen it from Sanford Warren, Dan Perez, and their team of lawyers working on this case. The various other declarations provide that the attorneys involved have not sought from

Akin Gump nor received any confidential or privileged information concerning SourceProse.

In the court's view, the evidence submitted by the Fidelity defendants is insufficient to avoid disqualification. Mr. Menges fails to detail the particulars of the investigation conducted by Mr. Mungioli. He also fails to detail what, if any, communications occurred between the partners at Akin Gump and Shore and/or Chan concerning SourceProse. The declaration does not allow the court to consider whether those communications disclosed confidential or privileged information because the declaration is conclusory on this point. Moreover, there is no declaration provided by Mr. Mungioli, the associate who conducted the investigation. Although the declarations of the new Akin Gump attorneys state that they have not been provided any information concerning SourceProse, the court is more concerned with information potentially provided to other Akin Gump partners by Shore and Chan during their tenure with the firm.

Although the court is not persuaded by the proof submitted in opposition to the motion to disqualify, the court is mindful of the potential consequences of an order disqualifying Akin Gump given the posture of this case. It is significant that the facts involve a group of migrating attorneys who have represented the Fidelity defendants throughout this case. As such, the Fidelity defendants are granted leave to tender any additional evidence (including evidence *in camera*) in opposition to the motion to disqualify by Thursday, March 30, 2006. The court will consider any such evidence before ruling on the motion to disqualify.

SIGNED this 28th day of March, 2006.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE